# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:24-CV-92 |
| | ) |
| ALLIANCE PARK LLC; BRICKYARD PLACE LLC; CENTEX MANAGEMENT, LLC; DEERWOOD POINT LLC; HONEY PARK LLC; MARIAH MARIE LLC; UNION GL PARK LLC; GOVERNORS MANAGEMENT LLC; and THE PRUDENTIAL REALTY LLC; | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' OBJECTIONS TO UNITED STATES' PROPOSED ORDER ON PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMANDS.

Respondents, Alliance Park LLC, Brickyard Place LLC, Centex Management, LLC, Deerwood Point LLC, Honey Park LLC, Mariah Marie LLC, Union GL Park LLC, Governors Management LLC, and The Prudential Realty LLC hereby give notice of their objections to the United States Proposed Order submitted on February 18, 2025.[1]

---

[1] Respondents maintain the objections that were raised during the January 27, 2025, and February 12, 2025 hearings, but per the Court's instruction will not reiterate them here.

1)      The Proposed Order contains language granting the government's entire Petition for Enforcement of the CIDs. Respondents understanding of that Court's instruction on the February 12, 2025, telephonic hearing was that its order was limited to requiring Respondents to appoint a representative/agent to determine whether there was any source of non-privileged information available to answer the United States' Interrogatories. Language granting the entire petition is broader than Respondents' understanding of the Court's instructions.

2)      The Proposed Order requires Respondents to submit sworn certificates required by 31 U.S.C. § 3733(f)(1)(B), which states "the production of documentary material in response to a civil investigative demand served under this section shall be made under a sworn certificate, in such form as the demand designates, by . . . a person having knowledge of the facts and circumstances relating to such production and authorized to act on behalf of such person. The certificate shall state that all of the documentary material required by the demand and in the possession, custody, or control of the person to whom the demand is directed has been produced and made available to the false claims law investigator identified in the demand." Similarly, 31 U.S.C. § 3733(g)(2) requires that CID interrogatories "be answered separately and fully in writing under oath and shall be submitted under a sworn certificate, in such form as the demand designates, by . . . the person or persons responsible for

answering each interrogatory. . . . The certificate shall state that all information required by the demand and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted."

To the extent Respondents' agent can identify an individual who does not have a Fifth Amendment privilege against self-incrimination, Respondents can comply with this requirement. However, for the reasons presented to the Court *ex parte* during the January 27, 2025, and February 12, 2025 hearings, it is Respondents' contention that there is no such individual. Respondents' appointed agent – which, as explained to the Court, would have to be a third party that is unaffiliated with Respondents -- also cannot submit the sworn certification because he or she would lack the personal knowledge required of the person signing the certification. The Court should not compel Respondents to submit the required certification unless or until it is satisfied that there is an individual who can make the necessary attestations and does not have a valid Fifth Amendment privilege against self-incrimination.

3) The United States' Proposed Order only allows 21 days for compliance. Respondents will need more time to identify and appoint a third-party representative, provide the representative with time to review documents or identify individuals with knowledge responsive to the interrogatories, determine whether those individuals have a privilege against self-incrimination, and prepare responses to the

interrogatory requests. Respondents contend 60 days is necessary for such representative to conduct this inquiry on behalf of 9 different entities.

## **CONCLUSION**

For the foregoing reasons, Respondents respectfully request that the Court modify the United States' Proposed Order to address the objections raised above. Respondents have submitted a redlined version of the United States' Proposed Order for the Court's consideration contemporaneous with this filing.

Respectfully submitted, this 25th day of February, 2025.

                                                CHILIVIS GRUBMAN

                                                */s/ Scott R. Grubman*
                                                Scott R. Grubman | Ga. Bar No. 317011
                                                Brittany M. Cambre | Ga. Bar No. 350793
                                                (Pro Hac Vice forthcoming)
                                                Brandi Z. Murrain| Ga. Bar No.167467
                                                (Pro Hac Vice forthcoming)
                                                1834 Independence Sq.
                                                Atlanta, GA 30338
                                                P: (404) 233-4171
                                                F: (404) 261-2843
                                                sgrubman@cglawfirm.com
                                                bcambre@cglawfirm.com
                                                bmurrain@cglawfirm.com
                                                *Attorneys for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2025, I electronically filed the foregoing Objections to the United States' Proposed Order on Petition to Enforce Civil Investigative Demands with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Bradford C. Patrick, Esq.
Assistant United States Attorney
U.S. Attorney's Office
P.O. Box 8970
Savannah, GA 31412
bradford.patrick@usdoj.gov

CHILIVIS GRUBMAN

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Sq.
Atlanta, GA 30338
P: (404) 233-4171
F: (404) 261-2843
sgrubman@cglawfirm.com