# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Petitioner, | CIVIL ACTION NO.: 4:24-cv-92 |
| v. | |
| ALLIANCE PARK LLC; BRICKYARD PLACE LLC; CENTEX MANAGEMENT, LLC; DEERWOOD POINT LLC; HONEY PARK LLC; MARIAH MARIE LLC; UNION GL PARK LLC; GOVERNORS MANAGEMENT LLC; and THE PRUDENTIAL REALTY LLC; | |
| Respondents. | |

## **O R D E R**

Before the Court is the United States' Petition for Summary Enforcement of Civil Investigative Demands, which seeks enforcement under 31 U.S.C. § 3733(j)(1) of Civil Investigative Demands (CIDs) issued by the United States Attorney for the Southern District of Georgia to Respondents Alliance Park LLC (CID No. 2023-012), Brickyard Place LLC (CID No. 2023-013), Centex Management, LLC (CID No. 2023-014), Deerwood Point LLC (CID No. 2023-015), Honey Park LLC (CID No. 2023-016), Mariah Marie LLC (CID No. 2023-019), Union GL Park LLC (CID No. 2023-022), Governors Management LLC (CID No. 2023-023), and The Prudential Realty LLC (CID No. 2023-024). (See doc. 1-1.)

Upon consideration of the parties' briefs and arguments presented during an in-person hearing on January 27, 2025, and a telephonic hearing on February 12, 2025, the Court **GRANTS** the Petition, (doc. 1), and **ORDERS** Respondents to comply with the CIDs and submit sworn

certificates of compliance to the Government as required by 31 U.S.C. § 3733(f)(1)(B) and (g)(2) within 45 days of the date of this Order.

Respondents have argued they cannot respond to the CIDs due to anticipated invocations of the Fifth Amendment right against self-incrimination by individuals affiliated with them. The Court therefore directs Respondents to appoint an agent or agents to review all documents and records relevant to the document requests and interrogatories contained in the CIDs. All individuals who possess documents on behalf of Respondents must furnish the agent(s) with all corporate documents relevant to the CIDs, even if the records might incriminate them individually, to the extent the production itself would not violate the individuals' Constitutional privilege. Respondents, through their agent(s), shall respond to every interrogatory based on (1) a review of corporate documents or records, and/or (2) information that may be obtained from corporate sources without infringing upon any individual's right against self-incrimination under the Fifth Amendment. Those who possess an individual privilege are not required to provide information to the agent(s) that is solely contained in the privileged person's memory and not implied by a document. To the extent a particular interrogatory requires Respondents to consult the knowledge of insulated witnesses, Respondents may object on that ground, explaining why such an answer implicates the Fifth Amendment. To the extent compliance with 31 U.S.C. § 3733(f)(1)(B) is only possible by implicating an insulated witness's Fifth Amendment rights, Respondents may similarly object on that ground, explaining why such compliance implicates the Fifth Amendment. Compliance with 31 U.S.C. § 3733(g)(2) is to be executed by Respondents, through their agent(s), who are responsible for answering each interrogatory.

The Court **DISMISSES AS MOOT** the Government's Motion to Show Cause, (doc. 5). Respondents provided the thrust of the relief requested by the Government in that Motion through

their explanations at the in person and telephonic hearings. Given that this Order resolves all requests presented by the Government, the Court **DIRECTS** the Clerk of Court to **ENTER** the appropriate judgment and **CLOSE** this case. Should the parties need any further relief from the Court including a ruling on any objections or enforcement of this Order, they may petition the Court to reopen this case.

      **SO ORDERED**, this 11th day of March, 2025.

                              R. STAN BAKER, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF GEORGIA